UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEPTE FUENTES-GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>JEREMY CASEY, WARDEN OF THE IMPERIAL REGIONAL DETENTION CENTER, et al.,<br><br>Respondents. | Case No.: 26cv3755-LL-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[ECF Nos. 1, 2] |

Before the Court are Petitioner Jepte Fuentes-Gomez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] and Motion for Temporary Restraining Order and Preliminary Injunction. [ECF Nos. 2]. The Respondents filed a Return [ECF No. 5] and Petitioner filed a Reply [ECF No. 6]. For the reasons set forth below, the Court **GRANTS** the Petition for Habeas Corpus, **ORDERS** Respondents to immediately release Petitioner, and **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order.

## I.      BACKGROUND

Petitioner, a native of Mexico, entered the United States without detection on or about March 1, 1993, and has lived continuously for more than thirty years. ECF No. 1 ¶¶ 21–23. Petitioner has family and community ties in the U.S., steady employment, and no

criminal history. *Id.* ¶¶ 24–25. Petitioner is married to a U.S. citizen who is undergoing cancer treatments. *Id.* ¶¶ 26–27. Prior to his detention, Petitioner was his wife's primary caretaker. *Id.* ¶ 28.

On June 10, 2025, Petitioner was detained by immigration officers during a workplace immigration enforcement operation. *Id.* at ¶ 29. Petitioner asserts he was not shown any warrant or served with a Notice to Appear, and that Respondents did not issue a Form I-200 Warrant for Arrest of Alien until July 11, 2025, thirty-one days after Petitioner was detained. *Id.* ¶¶ 29–37.

Petitioner applied for cancellation of removal during his removal proceedings, but an Immigration Judge ("IJ") denied his application. *Id.* at ¶¶ 40, 43. On November 24, 2025, Petitioner timely appealed IJ's decision to the Board of Immigration Appeals ("BIA"). *Id.* ¶ 44. On December 4, 2025, while Petitioner's BIA appeal was pending, Respondents removed Petitioner to Mexico. *Id.* at ¶ 46. Four days later, Petitioner's counsel notified Immigration and Customs Enforcement ("ICE") and the Office of Chief Counsel that Petitioner's BIA appeal was still pending and thus his removal was improper. *Id.* ¶¶ 47–48. Respondents initiated a process to facilitate Petitioner's return to the United States, and on June 25, 2026, Petitioner returned to the United States. *Id.* ¶¶ 50, 57, 59. Upon his return, Petitioner was re-detained and transferred to the Imperial Regional Detention Facility, where he remains detained. *Id.* at ¶ 60–61.

On June 26, 2026, Petitioner filed the instant Petition for Habeas Corpus, alleging violations of Fourth and Fifth Amendments and the Immigration Nationality Act. *Id.* at ¶¶ 92–166. Petitioner seeks an order requiring Respondents to immediately release him from custody, or in the alternative, grant an individualized custody determination hearing. *Id.* at 24.

## II.   LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing

the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

## III.    DISCUSSION

First, the Court rejects Respondents' contention that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 5 at 2. If Respondents had not erroneously deported Petitioner, Petitioner would have been subject to 8 U.S.C. §1226. *See Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025) (remanding and ordering the district court "to ensure that [petitioner's] case is handled as it would have been had he not been improperly sent to El Salvador"). As a noncitizen who, at the time of his detention, had been at liberty in the United States for more than thirty years, Petitioner was and is subject to section 1226(a), which states that a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). The Court adopts its reasoning stated in *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025).

Second, the Court finds that immediate release, rather than a bond hearing, is the appropriate remedy in this case because Petitioner was arrested and detained without an administrative warrant. Under 8 U.S.C. § 1226(a), a noncitizen may be arrested and detained pending a decision on removal "[o]n a warrant issued by the Attorney General." When arrests are made without a warrant, the government has 48 hours to conduct an initial custody determination and obtain a post-hoc warrant. *See* 8 U.S.C. §1357(a); 8 C.F.R. §§ 236.1(b)(1), 287.3(d)). In other words, the "[i]ssuance of a warrant is a necessary condition

to justify discretionary detention under section 1226(a)." *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (quoting *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025)). When the government does "not comply with the plain language of section 1226(a), [a petitioner's] immediate release is justified." *Chogllo Chafla*, 804 F. Supp. 3d at 264; *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (internal citation omitted)).

Here, Petitioner alleges that he was arrested without an administrative warrant in violation of 8 U.S.C. § 1226(a) and that Respondents belatedly issued Form I-200 Warrant for Arrest of [Noncitizen] 31 days after Petitioner's arrest. ECF No. 1 ¶ 36. Respondents do not dispute these claims. *See generally* ECF No. 5. Thus, this Court finds that Petitioner's initial arrest and detention without a warrant were unlawful, and the appropriate remedy for unlawful detention is release. *See e.g.*, *Valle v. Mullin, et al.*, No. 26V3450-LL-GC, 2026 WL 2076024, at *2 (S.D. Cal. July 17, 2026) (ordering petitioner's immediate release where there was no evidence that the government issued a warrant for petitioner's arrest when she was detained); *Mayen v. Warden, Cal. City Det. Ctr.*, No. 1:26-CV-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) (same); *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (holding that "[r]elease is an available and appropriate remedy for detention that lacks a lawful predicate."); *J.A.C.P.*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 ("Since the Government did not comply with the plain language of section 1226(a), petitioner's immediate release is justified.").

Therefore, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED** and Petitioner's Motion for a Temporary Restraining Order is **DENIED AS MOOT**.

## IV.  CONCLUSION

For the reasons above, the Court **GRANTS** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, **DENIES AS MOOT** Petitioner's Motion for a Temporary

26cv3755-LL-MSB

Restraining Order, and **ORDERS** Respondents to immediately release Petitioner. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

   **IT IS SO ORDERED**.

Dated:  July 31, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv3755-LL-MSB